UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH WARD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-2153** |
| **WARDEN N. BURL CAIN** | **SECTION "N"(4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct hearings, including an Evidentiary Hearing if necessary, and to submit Proposed Findings and Recommendations pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing. *See* Title 28 U.S.C. § 2254(e)(2).[1]

I.   **Factual and Procedural Background**

   A.   **Factual Background**

The petitioner, Joseph Ward, ("Ward"), is incarcerated in the Louisiana State Penitentiary, in Angola, Louisiana.[2] Ward was charged with one count of aggravated rape, in violation of La.

---

[1] Under Title 28 U.S.C. § 2254(e)(2), the District Court may hold an Evidentiary Hearing only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by an exercise of due diligence, and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 3.

Rev. Stat. 14:42, one count of first degree robbery, in violation of La. Rev. Stat. 14:64.1, and second degree kidnapping, in violation of La. R.S. 14:44.1 as a result of his actions on March 29, 1993.

In March 1993, Angela Hayes was working alone at a Time Saver convenience store.[3] She was mopping the floor when a black male, armed with a small hand gun with a stocking over his face, came in and demanded money. The man threatened to kill Ms. Hayes if she did not give him the money, or if she activated any alarms. He emptied the contents of the cash drawer into a drawstring bag and after taking the money, he forced her outside and demanded the keys to her car. After pleading with him not to take her car, he took her to a secluded area somewhere behind the store and forced her to remove her clothes. He then had anal and vaginal intercourse with her against her will. She told him that she needed to use the bathroom and when he let her walk off, she escaped and ran to a nearby residence.

A grand jury charged Ward with offenses as noted above and he pled not guilty to all charges. After a trial, the jury returned guilty verdicts on all counts on December 20, 1994. On March 8, 1995, the trial judge sentenced him to serve three years for the first degree robbery conviction, 66 months for the second degree kidnapping conviction, and life in prison for the aggravated rape conviction. All three sentences were imposed without benefit of parole, probation, or suspension and were to run concurrent with one another.

Ward appealed this conviction to the Louisiana Fifth Circuit Court of Appeal in which the Court affirmed the conviction and amended the sentence on December 13, 1995.[4] Ward did not seek

---

[3] The facts of the case were taken from the unpublished opinion of the Louisiana Fifth Circuit Court of Appeal on direct appeal. *State v. Ward*, 665 So.2d 187 (La. App. 5 Cir. 1995) (Table); St. Rec. Vol. 3 of 3, 5th Cir. Opinion, 95-KA-417, p. 2, 12/13/95.

[4] *State v. Ward*, 665 So. 2d 187 (La. App. 5 Cir. 1995) (Table); St. Rec. Vol. 3 of 3, 5th Cir. Opinion, 95-KA-417.

a review of the decision to the Louisiana Supreme Court.[5] Ward's conviction became final 90 days later, on Tuesday, March 12, 1996, because he did not file a writ application with the United States Supreme Court. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S. S.Ct. Rule 13(1).

B.     **Post-Conviction Relief**

On December 8, 1998, petitioner filed an Application for Post-Conviction Relief with the 40th Judicial District Court.[6] He made a claim that La. C.Cr.P. Article 413(B) is unconstitutional.[7] He asserted that the process of selecting the grand jury was discriminatory, ineffective assistance of counsel, an erroneous reasonable doubt interpretation, and that a *Doyle* violation had occurred.[8] This application was denied by Honorable Mary Hotard Becnel on January 19, 1999.[9] Ward then applied for a supervisory and/or remedial writ which was granted by the Louisiana Supreme Court on May 14, 1999.[10] The Court remanded Ward's case to the district court.[11] On June 20, 2002, the district court denied Ward's motion for Post Conviction Relief.[12] Ward also sought Supervisory Writs on his Post-Conviction Relief from the Louisiana Fifth Circuit Court of Appeal and the

---

[5]Rec. Doc. No. 3, p. 2.

[6]St. Rec. Vol. 3 of 3, Uniform Application for Post-Conviction Relief, Appendix "A."

[7]*Id.* at 5.

[8]*Id.*

[9]St. Rec. Vol. 2 of 3, Order on Application For Post Conviction Relief.

[10]St. Rec. Vol. 2 of 3, *State ex rel. Ward v. State*, 99-KH-1220 (La. 1999).

[11]*Id.*

[12]St. Rec. Vol. 2 of 3, *State v. Ward*, 93-159, (40th JD 6/20/02).

Louisiana Supreme Court, which were denied on August 21, 2002 and October 10, 2003, respectively.[13]

In August 2008, Ward filed a writ application in the Louisiana Supreme Court seeking reconsideration of his prior *pro se* filed post-conviction writ application to the Louisiana Fifth Circuit under the holding in *State v. Cordero*, 993 So. 2d 203 (La. 2008).[14] Per the *Cordero* procedures, on October 10, 2008, the Court transferred the writ application to the Louisiana Fifth Circuit.[15] The Writ was denied by the Fifth Circuit on August 9, 2011.[16] Ward then sought review of the writs from the Louisiana Supreme Court in which the court denied the Writ application on May 18, 2012.[17]

### C. Federal Petition

On July 20, 2012, Ward signed a Petition for Federal Habeas Corpus Relief which was tendered for filing on August 2, 2012 in which he raised several grounds for relief:[18] (1) the Grand Jury Section Process in St. John the Baptist Parish is Discriminatory; (2) Ineffective Assistance of Counsel for refusing to challenge the indictment based upon a discriminatory selection process; (3)

---

[13]St. Rec. Vol. 2 of 3, *State ex rel. Ward v. Cain, Warden*, 02-KH-863 (La. App. 5 Cir. 8/21/02) (unpublished writ disposition); *State ex rel. Ward v. State*, 2002-KH-2671, (La. 2003).

[14]St. Rec. Vol. 2 of 3, La. S. Ct. Writ Application, 08-KH-2308, 10/10/08 (postal metered 8/22/08); St. Rec. Vol. 2 of 3, La. S. Ct. Letter, 2008-KH-2308, 9/22/08. The *Cordero* court addressed the alleged procedural improprieties and summary dismissal without judicial review of *pro se* post-conviction writ applications filed in the Louisiana Fifth Circuit between February 8, 1994 through May 21, 2007.

[15]St. Rec. Vol. 2 of 3, *State ex rel. Joseph Ward v. State*, 993 So.2d 1262 (La. 2008); La. S. Ct. Order, 2008-KH-2308, 10/10/08. The *Cordero* court directed that writs with questionable review history be transferred to the Louisiana Fifth Circuit for reconsideration.

[16]St. Rec. Vol. 1 of 3, *State ex rel. Ward v. State*, 08-WR-1135 (C/W 10-KH-463; 11-KH-88) (La. App. 5 Cir. 8/9/11).

[17]St. Rec. Vol 1 of 3, *State ex rel. Ward v. State*, 89 So. 3d 1182, ( La. 2012); La. S.Ct. Order, 2011-KH-2018, 05/18/2012.

[18]Rec. Doc. No. 3; Petition for Habeas Corpus Relief Under 2254.

the trial court erred when it failed to correct its error in instructing the jury regarding the "Reasonable Doubt" standard; (4) the prosecution's closing argument improperly expressed an opinion about the credibility of its witness in violation of his right to a fair trial; and (5) the prosecution impermissibly commented on Ward's refusal to give voluntary statements in violation of the Fifth, Sixth, and Fourteenth Amendments.

In its opposition, the State argues that Ward's petition should be dismissed because it was not timely filed.[19] Ward filed a Reply to the State's opposition in which he alleges that his delay was due to the district court's failure to timely provide him with a copy of the trial transcript which caused him to file appeals without the transcript on two separate occasions.[20] The question before the Court is whether Ward's Federal Habeas Petition is timely filed.

## II.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, which comprehensively revised federal habeas corpus legislation, including Title 28 U.S.C. § 2254, went into effect on April 24, 1996[21] and applies to Habeas Petitions filed after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  Ward's petition is considered filed under the "mailbox rule" on July 3,

---

[19] Rec. Doc. No. 6.

[20] Rec. Doc. No. 10; Traverse to Respondent's Objection/ Opposition Brief.

[21] The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *See United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

2012.[22] *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000). The AEDPA therefore applies to Ward's petition.

### A. Statute of Limitations

The AEDPA requires a petitioner to bring his Title 28 U.S.C. § 2254 claim within one year of the date his conviction became final.[23] *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001). The record reflects that Ward's conviction became final on Tuesday, March 12, 1996 when he failed to seek review by the Louisiana Supreme Court of his conviction and sentence.

Ward contends that his untimely filing should be excused because the delay was caused by the trial court when it delayed the preparation of the trial transcript so that he could review and challenge the grand jury foreperson selection process.

---

[22]The Fifth Circuit has recognized that the "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). *Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 377).

[23]The statute of limitations provision of the AEDPA provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
    C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. Title 28 U.S.C. § 2244(d).

Therefore, under the plain language of Title 28 U.S.C. § 2244, and affording Ward every benefit, he had until Wednesday, March 12, 1997, to file a timely federal application for Habeas Corpus relief, but he failed to do so. Thus, literal application of the statute would bar Ward's Title 28 U.S.C. § 2254 petition as of that date unless he is entitled to tolling.

### B. **Statutory Tolling**

Title 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* Title 28 U.S.C. § 2244(d)(2). In order for a State post-conviction application to be considered "properly filed" within the meaning of Title 28 U.S.C. § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Williams v. Cain*, 217 F.3d 303, 307 n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir.), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999).

A matter is "pending" for Title U.S.C. § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (finding that a matter is "pending" for [Title 28 U.S.C.] Section 2244(d)(2) purposes until further appellate review is unavailable under the particular state's procedures) (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2nd Cir. 1999), *aff'd*, 531 U.S. 4 (2000)); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *See Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior

conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 2001 WL 995164, slip op. at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review").

However, the federal courts have also determined that requests for transcripts and copies from the record, like those submitted by Ward, are <u>not</u> applications for post-conviction or other collateral review and do not affect the timeliness calculations. *Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523 at *1 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcripts is not "other collateral review" for tolling purposes); *see also Brown v. Cain*, 112 F. Supp.2d 585, 587 (E.D. La. 2000), *aff'd*, 239 F.3d 365 (5th Cir. 2000); *Gerrets v. Futrell*, 2002 WL 63541 (E.D. La. Jan. 16, 2002); *Jones v. Johnson*, 2001 WL 1006062 at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); *Grayson v. Grayson*, 185 F. Supp.2d 747, 751-52 (E.D. Mich. 2002) (delay in receipt of transcript, not required to file an application, does not warrant equitable tolling).

In this case, Ward's one-year AEDPA filing period began to run on March 13, 1996, the day after his conviction became final under the finality calculation afforded him previously. The filing period ran uninterrupted for 365 days, until March 13, 1997, when it expired. Ward had not properly filed post conviction or other collateral review pending in the state courts during that one-year period.

In fact, the record shows that Ward's Application for Post-Conviction Relief was not filed until December 10, 1998, one year, eight months, and 27 days after the limitations period ran. Further, Ward's federal habeas corpus petition was deemed filed on July 20, 2012, 15 years, four

months, and seven days after the federal filing period expired. Thus, his federal habeas petition is untimely and should be dismissed as time-barred.

### III.  Recommendation

Accordingly,

It is therefore **RECOMMENDED** that Joseph Ward's Petition for Issuance of a Writ of Habeas Corpus filed pursuant to Title 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[24]

New Orleans, Louisiana, this 9th day of August, 2013.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[24] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.